UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ERIC E. SWANSON | ) | Bankruptcy No. 07-08912 |
|       Debtor. | ) | |
| | ) | |
| PHILIP V. MARTINO, not individually but | ) | |
| as Chapter 7 Trustee | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 07-00919 |
| | ) | |
| AMISH THAKKER and RAHI GURUNG | ) | |
| | ) | |
|       Defendants. | ) | |

MEMORANDUM OPINION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT

This Adversary proceeding arises out of the chapter 7 bankruptcy of Eric E. Swanson

("Swanson" or "Debtor") in which an Order of discharge was entered in August 22, 2007.

Plaintiff, Philip V. Martino ("Trustee" or "Plaintiff"), is the duly appointed chapter 7 trustee. On

September 25, 2007, Plaintiff filed this two count Adversary complaint against Amish Thakker

("Thakker") and Rahi Gurung ("Gurung") (collectively "Defendants") to enforce a promissory

note (the "Note").

Defendants did not file an answer or other responsive pleading within the thirty days

required by Rule 7012(a) Fed. R. Bankr. P., and on October 31, 2007, Plaintiff made a Motion

for default judgment. On November 5, 2007, an attorney filed an appearance on behalf of

Defendants. On November 21, 2007, Defendants filed a Motion to dismiss the Adversary

Proceeding, which included a request for leave to file the Motion *instanter*. On November 30, 2007, an Order was entered granting Defendants leave to file their Motion, and denying the Motion to dismiss in part. The remaining part of the Motion was found to be a *de facto* Motion for summary judgment under Rules 12(d) and 56(b) Fed. R. Civ. P. made applicable in bankruptcy by Rule 7012(b) Fed. R. Bankr. P., and a briefing schedule was set so that the parties could comply with the Local Bankruptcy Rules concerning motions for summary judgment. In response, Plaintiff filed his Cross-Motion for summary judgment and supporting materials.

The issues have been fully briefed by the parties. Plaintiff asserts that he is entitled to summary judgment as a matter of law, because he argues that he took the Note as a holder in due course and, therefore, he can enforce it free from personal defenses. Defendants contend that, as a matter of law, a bankruptcy trustee cannot take a negotiable instrument as a holder in due course and, therefore, all defenses, both real and personal, are available to them. Defendants defend against the alleged default by arguing that they made an agreement with Debtor modifying the date on which repayment of the Note was to begin.

It is found and held that Plaintiff did not obtain the status of holder in due course and, therefore, he is not entitled to summary judgment as a matter of law. In addition, it is found and held that Defendants' Motion raises disputed issues of material fact and, therefore, they are not entitled to summary judgment. Consequently, the Motions will be denied.

## UNDISPUTED FACTS

The following facts have been established by filings of the parties:

1.    Thakker is an officer, shareholder and principal of Lakefront. (Defs.' Stmt. of Facts Supp. Mot. for Summ. J. at 3 ¶ 16; Ex. 2, Thakker Aff. ¶ 2.)

2.      Lakefront purchased a storefront business from Debtor.

3.      The Note was executed in connection with the purchase of the business from Debtor.  The

parties agree that the Note is a negotiable instrument.  (Tr.'s Cross-Mot. for Summ. J. at 2

¶ 8; Defs.' Reply at 3-4.)

4.      Debtor listed the Note on Schedule B of his bankruptcy petition.  (Tr.'s Cross-Mot. For

Summ. J. at 1 ¶ 2.)  The Note was in the principle amount of $10,000 with five percent

(5%) interest payable in monthly installments of $188.71 for sixty months.  (Compl., Ex.

A.)

5.      As of the bankruptcy petition date, Debtor was the "holder" of the Note.  Thakker is the

"maker" and Gurung is the "guarantor."  (Stmt. of Undisputed Facts in Supp. of Tr.'s

Cross-Mot. for Summ. J., Ex. D, Swanson Aff. ¶ 4.)

6.      Pursuant to the terms of the Note, repayment was to begin on March 1, 2007.  (Compl.,

Ex. A.)

7.      Thakker did not begin making payments on the Note on March 1, 2007.

8.      On August 7, 2007, the Trustee sent Defendants a letter declaring a default on the Note.

(Tr.'s Stmt. of Undisputed Facts, at 3 ¶ 4.)

9.      According to Defendants, they made a pre-petition agreement with Debtor extending the

first date for repayment of the Note and, therefore, they are not in default.  (Thakker Aff.

¶ 4.)

## JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334.  This matter is before the Court

pursuant to 28 U.S.C. § 157 and referred here by District Court Operating Procedure 15(a) of the

United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C.
§ 1409. This Adversary is a non-core proceeding pursuant to 28 U.S.C. § 157(c)(1). It does not
fall within the non-exclusive list of core proceedings in 28 U.S.C. § 157(b)(2), and does not
invoke a substantive right provided by the Bankruptcy Code nor could it arise only in the context
of Debtor's bankruptcy case.

## CONCLUSIONS OF LAW

### *Standard of Review for Motion for Summary Judgment*

Defendant's originally brought this Motion as a Motion to Dismiss for failure to state a
claim under Rule 12(b)(6) Fed. R. Civ. P. In their Motion, Defendants assert that they were not
in default under the Note, because they made an oral agreement with Debtor extending the first
date of repayment on the Note. According to Rule 12(d):

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are
> presented to and not excluded by the court, the motion must be treated as one for
> summary judgment under Rule 56. All parties must be given a reasonable
> opportunity to present all material that is pertinent to the motion.

Defendants' Motion raised issues outside the pleadings, and therefore, was treated as a Motion
for Summary Judgment under Rule 56 Fed. R. Civ. P. The Rule is made applicable to
bankruptcy proceedings by Rule 7056 Fed. R. Bankr. P. Pursuant to Rule 56(c), "The judgment
sought shall be rendered if the pleadings, the discovery and disclosure materials on file, and any
affidavits show that there is no genuine issue as to any material fact and that the movant is
entitled to judgment as a matter of law."[1] (Emphasis added). See also In re Linc Capital, Inc.,

---

[1] Rule 56(c) was amended effective December 1, 2007, to say "should" instead of "shall."
This Adversary was filed on September 25, 2007, and therefore, the prior version of the Rule
applies. However, according to the Advisory Committee Notes the changes in the 2007
(continued...)

310 B.R. 847, 856 (Bankr. N.D. Ill. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322

(1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Matsushita Elec. Indus. Co.

v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986); Tyler v. Runyon, 70 F.3d 458, 464 (7th

Cir.1995)).  In this case, summary judgment is not appropriate because Plaintiff is not entitled to

judgment as a matter of law, and there are disputed issues of material fact regarding Defendants'

defense against default.  Plaintiff's Cross-Motion will be discussed first.

### Plaintiff's Cross-Motion for Summary Judgment will be Denied

Plaintiff argues that Defendants' asserted defense against the alleged default is irrelevant,

because he is entitled to summary judgment as a matter of law.  The parties do not dispute that

the Note is a negotiable instrument.  See Findings of Fact ¶ 3.  Plaintiff contends that he took the

Note as a holder in due course.  This is important because a holder in due course takes a

negotiable instrument free from personal defenses.  810 ILCS 5/3-305(b).  Plaintiff does not cite

any direct authority for the proposition that a bankruptcy trustee takes a negotiable instrument —

of which the debtor was merely a holder — as a holder in due course.  Rather, he analogizes

holder in due course status to a bankruptcy trustee's strong-arm avoiding powers as a

hypothetical bona fide purchaser under 11 U.S.C. § 544(a)(3).  This argument is unpersuasive,

because § 544(a)(3) gives the bankruptcy trustee the "rights and powers of ... a bona fide

purchaser of *real property*." (Emphasis added).  A promissory note is personal property, In re

---

(...continued)
Amendments were made to conform with the Supreme Court's opinion in Kennedy v. Silas
Mason Co., 334 U.S. 249, 256-57 (1948), finding that there is discretion to deny summary
judgment even when it appears that there is no genuine issue as to any material fact.

Nichols, 88 B.R. 871, 874 (Bankr. C.D. Ill.1988), and therefore, § 544(a)(3) does not apply to this set of facts.

While the rights given to the trustee are governed by federal law, the substance of those rights is governed by state law. In re Chaseley's Foods, Inc., 726 F.2d 303, 307 (7th Cir. 1983) (citing Commercial Credit Co. v. Davidson, 112 F.2d 54 (5th Cir.1940)). The Note is property of Debtor's bankruptcy estate under 11 U.S.C. § 541(a)(1). Therefore, it is necessary to determine the extent of the Trustee's rights in the Note, particularly whether he became a holder in due course under Illinois law.

Holder in due course is a status granted to a transferee of a negotiable instrument under Article 3 of the Uniform Commercial Code ("UCC"). According to the version of the UCC adopted by Illinois, a holder in due course takes the negotiable instrument without "such apparent evidence ... as to call into question its authenticity," and:

> (2) the holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in Section 3-306, and (vi) without notice that any party has a defense or claim in recoupment stated in Section 3-305(a).

810 ILCS 5/3-302(a). Holder in due course status gives the transferee the right to enforce a negotiable instrument subject to the following defenses: (i) infancy; (ii) duress, lack of legal capacity, or illegality; (iii) fraud; or (iv) discharge of the obligor in bankruptcy. 810 ILCS 5/3-305(a)(1); 810 ILCS 5/3-305(b). However, "a person does not acquire rights of a holder in due course of an instrument taken (i) by legal process or by purchase at a[] ... bankruptcy ..." except to the extent of the transferor's rights as a holder in due course. 810 ILCS 5/3-302(c).

In this case, the Trustee took the Note by legal process pursuant to the Bankruptcy Code and not for value. See In re Cochise College Park, Inc., 703 F.2d 1339, 1351 n.10 (9th Cir. 1983). "Congress never granted to the trustee the rights of a ... holder in due course of a negotiable instrument." In re Columbia Pacific Mortg., Inc., 20 B.R. 259, 263 (Bankr. Wash. 1981). It is undisputed that Debtor was a mere holder of the Note, see Findings of Fact ¶ 5, and therefore, the Trustee did not succeed to any rights of Debtor as a holder in due course by virtue of 810 ILCS 5/3-302(c). The Trustee has the same rights as the Debtor as the holder of the Note and, therefore, his right to enforce it is subject to "a defense of the obligor that would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract ...." 810 ILCS 5/3-305(a)(3). That might include a defense that the terms of repayment were modified by oral agreement after the Note was executed as Defendants contend. For the foregoing reasons, Plaintiff's Motion will be denied, because he is not entitled to summary judgment as a matter of law.

### Defendants' Motion for Summary Judgment will be Denied

Defendants argue that they were not in default on the Note, because they reached an agreement with Debtor extending the first date of repayment to March 1, 2008. (Defs.' Memo., Ex. 3.) According to Thakker, Debtor agreed to extend the date for repayment on the Note, because of slow sales at Lakefront and "other circumstances." (Id.)

Plaintiff acknowledges that the Note contains a clause "permitting the parties to later agree to change the established terms of a note," (Tr.'s Reply at 3), but argues that no such agreement was made here. In the affidavit attached to Trustee's Cross-Motion for summary judgment, Debtor acknowledges that there were discussions regarding a schedule for repayment

of the Note. However, he contends that there was never any agreement to extend the time for

repayment and he has refused to sign any post-petition agreement acknowledging such.

(Swanson Aff. ¶ 6-9.)

Defendants point to several emails between Amish Thakker, another officer and

shareholder and Lakefront, and Debtor in November 2007, as documentary evidence of the

purported agreement to extend the date for repayment. (See Defs.' Resp., Ex. 5.) The first email

from Thakker to Debtor states:

> Eric,
>
> It was good to talk to you yesterday. I just want to follow up to see if you had a
> chance to send the copy of the letter to me.
>
> Thanks. Amish

(Id.) Debtor responded the next morning:

> I was going to wait and see if they are going to accept yours.
> I'll try and find out today.
> The other letter is attached.
>
> Eric Swanson

(Id.) Defendants argue that "I was going to wait and see if they are going to accept yours," meant

whether the trustee and his counsel would accept the purported agreement to extend the deadline

for payment. (Defs.' Resp. at 3 ¶ 14.)

It is virtually impossible to decipher the *non sequiturs* and references contained in these

emails. Without further evidence, this exchange cannot be read to indicate that Debtor agreed to

extend the date for repayment of the Note. At most, this could indicate that Defendants were

continuing to attempt to negotiate such a modification. However, these emails were exchanged

after the bankruptcy petition date, and Debtor did not then have any authority to bind or negotiate for the Trustee.

There is clearly a dispute and triable issue as to whether or not the terms of repayment under the Note were modified. Plaintiff cites Hall v. Bodine, 276 F.3d 345, 354 (7th Cir. 2002), for the proposition that "[i]t is well settled that conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact." (Citing Patterson v. Chicago Ass'n for Retarded Citizens, 150 F.3d 719, 724 (7th Cir.1998)). He argues that the Note is the best evidence of the parties' agreement, and that Defendants' affidavits should be ignored as unreliable. As Defendants point out, "the parol evidence rule applies only to agreements made prior to or contemporaneous with the signing of a written contract; it does not bar evidence tending to show later modifications of the contract." Fischer v. First Chicago Capital Markets, Inc., 195 F.3d 279, 282 (7th Cir. 1999) (citing Williams v. Jader Fuel Co., 944 F.2d 1388, 1394-95 (7th Cir.1991) (additional citations omitted)). Thus, Defendants' allegations of an oral modification might be admissible to show the parties understanding regarding repayment of the Note on a modified payment schedule.

However, in light of the dueling affidavits from the parties, there is a triable issue of fact and summary judgment is not appropriate. Thus, Defendants' Motion for summary judgment will also be denied.

## CONCLUSION

For the foregoing reasons, separate Orders will be entered pursuant to Rule 9021 Fed. R.

Bankr. P., denying Plaintiff's and Defendants' Motions for summary judgment. The case will be

set for trial.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this _____ day of March 2008.